UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHEL TOLIVER,

                              Plaintiff,

                -against-

THE CITY OF NEW YORK; DEPT. OF
HOMELESS SERVICES; PROJECT
RENEWAL FORT WASHINGTON;
PROJECT RENEWAL  ANA'S PLACE; MR.
MENDOZA; MS. GRAHAM; JOHN/JANE
DOE; JUDY MALLOY; DR.
RADULOVICK,

                              Defendants.

19-CV-11834 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

     Plaintiff, appearing *pro se*, brings this action invoking the Court's federal question

jurisdiction under 28 U.S.C. § 1331. He asserts claims that arose during his stay in housing

provided by a nonprofit organization — Project Renewal. By order dated December 30, 2019,

the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma

pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended

complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

     The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

In May 2019, while Plaintiff Michel Toliver was staying at Ana's Place, a shelter operated by Project Renewal, he filed a police report because his property was unlawfully searched and "never return[ed]" to him. (ECF 1, at 5.) "Threats followed," and Plaintiff was transferred to another facility. (*Id.*) Plaintiff is currently at Project Renewal's Fort Washington location, but Plaintiff is still being retaliated against "based on [his having filed a] police report."

Other people "consistently caused [Plaintiff] to 'lose his bed' and go back and forth" to various shelters, which has increased the pain in his back and legs. (*Id.*)

At Project Renewal, Plaintiff "is being denied" medication that was prescribed for him for seizures and pain. (*Id.* at 6.) Plaintiff contends that his medication was "stolen and/or refused to be given." (*Id.*)

Staff at Project Renewal, who were supervised by Judy Malloy, allegedly called Plaintiff a "derogatory label as a member of the L.G.B.T. community." (*Id.*) Plaintiff filed grievances on the issue.

Plaintiff brings this action invoking the Court's federal question jurisdiction and asserting violations of the Fourth Amendment right to be free from unlawful search and seizure, "retaliation based on [Plaintiff's having] filed grievances, discrimination based on sexual orientation, and violation of HIPAA laws." (*Id.* at 2.) Plaintiff names as Defendants the City of New York and its Department of Homeless Services (DHS) and DHS Supervisor Mendoza, Project Renewal Fort Washington, Project Renewal Ana's Place, and four individuals affiliated with Project Renewal (Judy Malloy, "Ms. Graham," Dr. Radulovick, and John/Jane Doe). He seeks $3 million in damages.

## DISCUSSION

### A.    Department of Homeless Services

As an agency of the City of New York, the DHS is not an entity that can be sued in its own name. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal

agency."). Claims against DHS must be brought against the City of New York, and the Court therefore dismisses Plaintiff's claims against DHS.

**B.     City of New York**

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a § 1983 claim against a municipality such as the City of New York, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997).

Here, Plaintiff contends that he encountered various difficulties in homeless shelters operated by a private nonprofit agency, including retaliation for having filed grievances, discriminatory comments based on his sexual orientation, and alleged violations of his rights under the Fourth Amendment. Plaintiff does not identify, however, any policy, custom, or practice on the part of the City of New York that caused these alleged violations of his rights.

Plaintiff sues a Senior Administrator for the Department of Homeless Services, who Plaintiff identifies as "Mr. Mendoza." A claim against Defendant Mendoza in his official capacity is, in essence, a claim against the City of New York. *See, e.g., Castanza v. Town of*

*Brookhaven*, 700 F. Supp. 2d 277, 284 (E.D.N.Y. 2010) ("[I]t is duplicative to name both a government entity and the entity's employees in their official capacity). To state an individual-capacity claim under § 1983 against Defendant Mendoza, Plaintiff must plead facts showing what Defendant Mendoza personally did or failed to do that violated Plaintiff's rights. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (holding that a § 1983 plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation).

> An individual defendant can be personally involved in a § 1983 violation if:
>
> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.

Plaintiff mentions Defendant Mendoza only once in the complaint: Plaintiff alleges that after he filed a police report, "threats . . . followed," and as a result Plaintiff's "transfer was necessary and generated." (ECF 2, at 5.) Defendant Mendoza therefore "placed Plaintiff back in the other 'Project Renewal' facility." (*Id.* at 6.) Plaintiff does not have a constitutional right to housing in any particular facility, and allegations that, when Plaintiff complained about an incident at one facility, Defendant Mendoza assigned Plaintiff to a different facility do not state a claim that Defendant Mendoza violated Plaintiff's rights.

Plaintiff does not plead facts showing that any policy, custom or practice of the City of New York caused a violation of his rights, or that DHS Senior Administrator Mendoza personally

did or failed to do anything that violated Plaintiff's rights. Plaintiff thus fails to state a claim on which relief may be granted against the City of New York or DHS employee Mendoza.

**C.      Project Renewal**

1.      Claims Under § 1983

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Project Renewal appears to be a private, nonprofit entity — not a government entity. Private activity can be attributed to the state in three situations: (1) the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the entity willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the entity (the "public function" test). *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012). The fundamental question under each test is whether the private entity's challenged actions are "fairly attributable" to the state. *Id.* (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

Here, Plaintiff alleges that while acting as a short-term housing provider, Project Renewal and its employees (Defendants Graham, John or Jane Doe Program Director of Ana's Place, Dr. Radulovick, and Resident Aide Supervisor Judy Malloy) searched his possessions, limited his medication, and retaliated against him (for his having filed grievances and a police report) by reassigning him to a different facility.

Courts have consistently held that providing housing does not qualify as state action because it has not traditionally been the exclusive prerogative of the state. *See, e.g.*, *Young v. Halle Hous. Assoc., L.P.*, 152 F. Supp. 2d 355, 365 (S.D.N.Y. 2001) ("Although the State of New York has a constitutional interest in providing housing for the needy, the provision of housing, for the poor or for anyone else, has never been the exclusive preserve for the state, but has been left to a regulated, and occasionally subsidized, private marketplace").

Even when a private entity provides housing to former inmates under parole supervision, courts have generally not found state action. *See Moore v. Broady*, No. 10–CV–3250, 2010 WL 3125008, *5 (E.D.N.Y. Aug. 06, 2010). Some courts have reasoned that if the plaintiff is confined at a facility pursuant to an alternative-to-incarceration program, the actions of a private facility may be attributed to the state. *See Johnson v. White*, No. 06-CV-2540, 2010 WL 3958842, at *4 (S.D.N.Y. Sept. 9, 2010) (finding state action because private drug treatment facility was "fulfilling the role" of the state department of correctional services); *see also Wilson v. Phoneix House*, 2011 WL 3273179, at *3 (S.D.N.Y. 2011) (finding state action under the nexus test). This is because "[t]he function of incarcerating people, whether done publicly or privately, is the exclusive prerogative of the state." *Byng v. Delta Recovery Servs., LLC*, No. 6:13-CV-733 MAD/ATB, 2013 WL 3897485, at *6 (N.D.N.Y. July 29, 2013), *aff'd*, 568 F. App'x 65 (2d Cir. 2014).

Here, Plaintiff does not plead any facts suggesting that, in providing housing and supportive services to him, Project Renewal is performing a public function or is using the coercive power of the government. Because Plaintiff does not allege facts showing that Project Renewal and its employees are state actors, his allegations that Project Renewal employees unlawfully searched his property or limited the medication that he could bring to the facility

while he was stayed in its facilities do not state a claim under § 1983 for violating his

constitutional rights.

2.      Discrimination in Public Accommodation

Title II of the Civil Rights Act of 1964 prohibits places of public accommodation that

affect interstate commerce from discriminating on the basis of race, color, religion, or national

origin. The statute provides, in relevant part, that:

> [a]ll persons shall be entitled to the full and equal enjoyment of the goods,
> services, facilities, privileges, advantages, and accommodations, as defined in this
> section, without discrimination or segregation on the ground of race, color,
> religion, or national origin.

42 U.S.C. § 2000a(a); *Roberts v. U.S. Jaycees*, 468 U.S. 609, 625 (1984) ("Title II of the Civil

Rights Act of 1964, . . . 42 U.S.C. § 2000a,. . . forbids race discrimination in public

accommodations").

Plaintiff alleges that he suffered "discrimination based on sexual orientation" at Project

Renewal. (ECF 2, at 7.) Specifically, he alleges that a staff person at Project Renewal "being

supervised by Judy Malloy," has "consistently" used "a de[r]ogatory label [for him] as a member

of the L.G.B.T. community." (*Id.* at 6.) Because the federal law prohibiting discrimination in

public accommodations is limited to "discrimination or segregation on the ground of race, color,

religion, or national origin," Plaintiff's allegations regarding discrimination based on sexual

orientation fail to state a claim under Title II of the Civil Rights Act.[1]

---

[1] New York law covering public accommodations, however, addresses discrimination based on a broader list of categories. If Plaintiff amends his complaint to state a claim under federal law, the Court may be able to exercise jurisdiction over supplemental state law claims.

**D.      Health Insurance Portability and Accountability Act**

The Health Insurance Portability and Accountability Act (HIPAA) generally provides for the confidentiality of individually identifiable health information, *see* 42 U.S.C. §§ 1320d-1 to d-7, and it authorizes the Secretary of Health and Human Services to make final regulations and bring enforcement actions. *See* 42 U.S.C. § 300gg-22.[2]

The Second Circuit has noted that "[i]t is doubtful that HIPAA provides a private cause of action," *Bond v. Conn. Bd. of Nursing*, 622 F. App'x 43, 44 (2d Cir. 2015), and district courts in this circuit have uniformly held that it does not. *See, e.g., Warren Pearl Constr. Corp. v. Guardian Life Ins. Co. of Am.*, 639 F. Supp. 2d 371, 377 (S.D.N.Y. 2009) (collecting cases for the proposition that "HIPAA does not provide for either an express or implied private right of action."); *Mele v. Hill Health Ctr.,* 609 F. Supp. 2d 248, 255 (D. Conn. 2009) (holding that individuals cannot sue to enforce HIPAA or seek damages caused by such disclosures). Only the Secretary of Health and Human Services or other government authorities may bring a HIPAA enforcement action. *Montgomery v. Cuomo*, 291 F. Supp. 3d 303, 318 (W.D.N.Y. 2018).

Plaintiff alleges that Defendants have "violated HIPAA laws," though he does not plead any facts about what happened. Because HIPAA does not provide a private cause of action allowing an individual suit, Plaintiff cannot state a claim under the HIPAA.

**LEAVE TO AMEND**

Plaintiff is granted leave to amend his complaint to detail his claims, with the exception of his claims under the HIPAA or Title II of the Civil Rights Act, or his claims against DHS, which cannot be reasserted. First, Plaintiff must name as the defendant(s) in the caption and in

---

[2] HIPAA permits health care providers and other covered entities to disclose protected health information without patient consent in certain situations, such as in response to a court order. *See, e.g.*, 45 C.F.R. § 164.512(e)(1)(i), (ii).

the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[3] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

---

[3] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-11834 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:   February 21, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
□ Yes    □ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

## A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B. If you checked Diversity of Citizenship

### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
      (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II. PARTIES

## A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                              State              Zip Code

Defendant 2: _____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                              State              Zip Code

Defendant 3: _____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                              State              Zip Code

Defendant 4: _____

              First Name            Last Name

              _____

              Current Job Title (or other identifying information)

              _____

              Current Work Address (or other address where defendant may be served)

              _____

              County, City           State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.